UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NO. 08-0058**<br>Section P |
| **VERSUS** | * | **JUDGE ROBERT G. JAMES** |
| **DEIDRE G. BUTLER** | * | **MAG. JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Before the undersigned magistrate judge, on reference from the district court, is a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 filed by petitioner Deidre G. Butler ("Petitioner"). Doc. # 138. For reasons stated below, it is recommended that the motion be **DENIED**.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner, along with three co-defendants, was indicted by the grand jury on February 27, 2008, on one count of conspiracy to possess with intent to distribute 100 kilograms or more of a mixture and substance containing a detectable amount of marijuana. Indictment [doc. # 1]. A warrant for the defendant's arrest was issued. Doc. # 12.

The arrest warrant was returned executed on July 12, 2008. Doc. # 21. On July 14, 2008, Petitioner made an initial appearance in Nevada. Doc. # 43. She was ordered released on a personal recognizance bond and ordered to appear in the Western District of Louisiana, Monroe Division, on July 21, 2008. *Id.* She appeared for arraignment on July 21, 2008, and pleaded not guilty. Doc. # 24. At that point, Charles Kincade had been appointed to represent Petitioner. Doc. # 24. On July 24, 2008, Robert Noel, II, was added as Petitioner's attorney, and Charles Kincade's representation was terminated. Doc. # 25. Following a detention hearing and a

*Garcia* hearing (concerning Mr. Noel's representation) on July 29, 2008, the court ordered Petitioner detained pending trial. Doc. # 29.

On November 13, 2008, Petitioner made an oral motion for extension of time to file a plea agreement. The court granted the motion. The plea agreement was ordered due by November 21, 2008, and the jury trial was set for December 15, 2008. Docs. # 65-66. On November 26, 2008, the government filed a motion to continue trial due to the unavailability of a key witness. Doc. # 67. On December 3, 2008, the court issued an order granting the motion to continue trial pursuant to the ends of justice served. The trial set for December 15, 2008, was reset for March 24, 2009. Doc. # 68.

On March 5, 2009, Robert Noel filed a motion to withdraw as attorney. Doc. # 77. On March 10, 2009, at a motion hearing, the court granted the attorney's motion to withdraw as counsel. The court ordered new counsel be appointed for Petitioner as standby counsel to sit with Petitioner during the trial and to advise her as to evidence or procedural matters. Michael Vergis was appointed to act as the standby lawyer. Doc. # 81.

On March 17, 2009, Petitioner filed a *pro se* motion to continue trial. Doc. # 82. The government filed an opposition to this motion. Doc. # 85. On March 20, 2009, a hearing was held as to the motion to continue trial by Petitioner. An oral order was issued denying the motion to continue the trial. The jury trial setting for March 24, 2009, was maintained. Doc. # 87.

On March 23, 2009, the government filed a notice under 21 U.S.C. § 851 indicating that Petitioner had a prior felony drug conviction and, thus, was subject to a term of imprisonment of not less than ten years but not more than life. Doc. # 89. On March 25, 2009, a jury found Petitioner guilty. Doc. # 100. During the trial, Mr. Vergis remained as standby counsel.

On August 17, 2009, Petitioner was sentenced to 188 months imprisonment. Doc. # 119. Upon release from imprisonment she will be placed on supervised release for a term of eight

years.  *Id*.  The Statement of Reasons indicates that the total offense level was 36, the Criminal History Category was I, and the imprisonment range was 188-235 months.

The United States Court of Appeals for the Fifth Circuit affirmed Petitioner's conviction and sentence.  Doc. # 136.  The judgment and mandate were entered into the record on May 10, 2010.  Michael Vergis represented the defendant on appeal.  *Id.*  Petitioner filed the instant motion on July 15, 2011 (doc. # 138), and she asserts the following grounds for relief:

> (1) Petitioner was denied her Sixth Amendment right to a speedy trial by being held over ninety days.
>
> (2) Petitioner's prior felony drug conviction was imposed in 1994.
>
> (3) The government failed to object to a change in the Presentence Investigation Report until ten months after receiving a copy of the report.
>
> (4) Petitioner's first attorney spoke with her in detail before informing her that he was also representing her co-defendant.

## LAW AND ANALYSIS

To obtain collateral relief pursuant to 28 U.S.C. § 2255, a defendant "must clear a significantly higher hurdle" than the standard that would exist on direct appeal.  *United States v. Frady*, 456 U.S. 152, 166 (1982).  When a defendant has been convicted and his conviction has been upheld on direct appeal, there is a presumption that the defendant's conviction is fair and final.  *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998).  As a result, review under § 2255 is limited to four grounds: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack."  28 U.S.C. § 2255.

Collateral review is fundamentally different from and may not replace a direct appeal.  *See Frady*, 456 U.S. at 165; *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (en banc).

Thus, even if the issues are constitutional or jurisdictional, the defendant may be procedurally barred from raising them collaterally. A defendant may not raise an "issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (citing *Shaid*, 937 F.2d at 232); *United States v. Walker*, 68 F.3d 931, 934 (5th Cir. 1995). Of course, issues raised and disposed of on direct appeal are not subject to further review under section 2255. *See Segler*, 37 F.3d at 1134.

Even if a defendant cannot establish "cause" and "prejudice," he may still be entitled to relief under § 2255 if there is a constitutional error which would result in a complete miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 495-6 (1986); *Bousley v. United States*, 523 U.S. 614, 622 (1998); *Shaid*, 937 F.2d at 232; *United States v. Hicks*, 945 F.2d 107, 108 (5th Cir. 1991). Such a miscarriage of justice would result if the error caused the defendant to be convicted of a crime of which he is innocent. *Shaid*, 937 F.2d at 232.

Finally, it is conceivable that even nonconstitutional claims could be first asserted in a § 2255 motion, but only in exceptional circumstances. In *United States v. Vaughn*, the United States Court of Appeals for the Fifth Circuit stated:

> [r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Non-constitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

*United States v. Vaughn*, 955 F.2d 367 (5th Cir. 1992) (citing *United States v. Capua*, 656 F.2d. 1033, 1037 (5th Cir. 1981).

I. **Petitioner's Claim that the Government Failed to Timely Object to the Presentence Report**

Preliminarily, Petitioner's third claim is not cognizable in the context of a § 2255 motion.

This claim argues that the prosecution failed to object to a change in her presentence report until ten months after the report was released. She refers to the requirement that parties submit their objections to the presentence report within fourteen days of receiving the report. *See* Fed. R. Cr. P. 32(f)(1). The Fifth Circuit has held, however, that "violations of Rule 32 that can be raised on direct appeal or through a Rule 35(a) motion to correct a sentence are not cognizable for the first time in a 28 U.S.C. § 2255 proceeding." *United States v. Weintraub*, 871 F.2d 1257, 1266 (5th Cir. 1989) (citations omitted). Thus, since this claim alleges a violation of a procedural rule and is not constitutional or jurisdictional in nature, it is not cognizable on a § 2255 motion. *See id.* Moreover, this claim could have been raised on direct appeal, and Petitioner has failed to make a sufficient showing as to why it was not. *See Vaughn*, 955 F.2d at 368 (a nonconstitutional claim that could have been raised on direct appeal, but was not, may not be raised in a collateral proceeding). I t is recommended that petitioner's claim on this basis be denied.

## II.      Petitioner's Remaining Claims, Generally

A review of the record indicates that Petitioner did not raise any of her remaining claims on direct appeal. (Judgment/Mandate of USCA, Doc. # 136).[1] Therefore, she is procedurally barred from raising such claims in the context of a § 2255 motion unless she can show cause and actual prejudice.

To establish "cause," a defendant must show that some "external" factor that "cannot fairly be attributed" to him impeded the defense's efforts to raise the claim. *Coleman v. Thompson*, 501 U.S. 722, 753 (1991). Examples of "cause" include a showing that "the factual or legal basis for a claim was not reasonably available to counsel," that "some interference by officials made compliance impracticable," or that "the procedural default is the result of

---

[1] Petitioner's only argument on appeal was that her sentence was excessive. Doc. # 136.

ineffective assistance of counsel." *Murray v. Carrier*, 477 U.S. 478, 488 (1988) (citations omitted). "Attorney error short of ineffective assistance of counsel does not constitute cause for a procedural default even when that default occurs on appeal rather than at trial." *Id.* at 492.

Here, the reasons Petitioner asserts in her motion as to why she did not raise her first two claims on appeal relate to the alleged failings of her appellate attorney. (Mot. to Vacate, Doc. # 138). Thus, in order for the undersigned to decide whether Petitioner has alleged sufficient "cause" to excuse the procedural default of these first two claims, it must be determined whether there was ineffective assistance of counsel. Petitioner's final claim concerns the ineffective assistance of her trial attorney, and she needs not show cause for her default on this claim. *See Massaro v. United States*, 538 U.S. 500, 509 (2003) (holding that claims of ineffective assistance of counsel may be raised for the first time in a proceeding under 28 U.S.C. § 2255).

### III. Petitioner's Claim that her Sixth Amendment Right to a Speedy Trial was Violated

Petitioner first claims that her Sixth Amendment right to a speedy trial was violated when she was held over ninety days pending trial. Like her other claims in the instant motion, she did not raise the issue on appeal. As for why she failed to raise the speedy trial issue in particular, she states that "[t]he lawyer provided to me by the courts didn't bring up any issues I brought to him." Doc. # 138. The question, then, is whether the attorney's failure to raise the issue on appeal was ineffective assistance of counsel for purposes of cause.

To establish an ineffective-assistance-of-counsel claim, Petitioner must demonstrate that: "(1) the attorney's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that except for the attorney's unprofessional errors, the results of the proceeding would have been different." *United States v. Kinsey*, 917 F.2d 181, 183 (5th Cir. 1990) (citing *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1984)). If the defendant does not make a sufficient showing as to one prong of the test, the other prong need not be considered.

*Tucker v. Johnson*, 115 F.3d 276, 281 (5th Cir. 1997). The prongs of the test also need not be analyzed in any particular order. *Goodwin v. Johnson*, 132 F.3d 162, 172 n.6 (5th Cir. 1997).

      Although Petitioner asserts a violation of her rights under the Sixth Amendment, the Government has framed the claim as one under the Speedy Trial Act, 18 U.S.C. § 3161. The undersigned recognizes the importance of the distinction. S*ee United States v. Molina-Solorio*, 577 F.3d 300, 304, n.2 (5th Cir. 2009) ("[A] claim under the Speedy Trial Act differs in some significant ways from a claim under the [S]ixth [A]mendment speedy trial clause."). The distinction is immaterial here, however, as Petitioner's attorney could not have raised either argument for the first time on appeal.[2]

      The right to a speedy trial is waived if a defendant fails to move for dismissal prior to trial. 18 U.S.C. § 3162(a)(2) ("Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section."); s*ee also United States v. Hernandez*, 281 Fed. App'x 383, 384 (5th Cir. 2008) (finding waiver where defendant raised a violation of the Speedy Trial Act for the first time on appeal); *United States v. McElhaney*, 469 F.3d 416, 420 (5th Cir. 2006) (same). Similarly, a defendant waives her argument that her Sixth Amendment right to a speedy trial has been violated if she fails to present it to the district court. *See United States v. McClure*, 786 F.2d 1286, 1291 (5th Cir. 1986).

      Thus, Petitioner's attorney could not have raised a claim under either the Speedy Trial

---

[2] It should be noted that Petitioner has not argued that her trial counsel was ineffective in not presenting a speedy trial claim to the district court, nor could she, given that one of her co-defendants even now is still at large; there was good cause for the government's continuance motion, and the defendant herself tried to have the trial continued yet again shortly before trial. In addition, defendant refused to cooperate with her court appointed counsel, and ultimately represented herself at the trial of these proceedings. Thus, the speedy trial issue was waived by the defendant herself, not her counsel, and in any case would have been utterly frivolous.

Act or the Sixth Amendment's speedy trial clause for the first time on direct appeal. Such an argument would have been futile, and Petitioner cannot show ineffective assistance of counsel in this regard for purposes of cause. *Cf. Deville v. United States*, No. 98-60049, 2008 WL 4298385, at *3 (W.D. La. 2008) (citations omitted) (finding that counsel's failure to argue a meritless Fifth Amendment claim on appeal could not constitute ineffective assistance of counsel for purposes of cause). Since there was no ineffective assistance of counsel to serve as cause for Petitioner's procedural default, it is recommended that this claim be **DENIED**.

### IV. Petitioner's Claim that her Prior Felony Drug Conviction was Imposed in 1994

Petitioner's next claim is that "[t]he prior felony drug conviction was imposed in 1994." Doc. # 138. Presumably, she argues that the district judge improperly considered her 1994 felony drug conviction in determining her sentence. Petitioner's reason for not raising this issue on appeal was that "[she] didn't file her direct appeal." *Id.* She was appointed an attorney for the appeal, but this issue was not raised. Hence, this claim will again be construed as raising an ineffective-assistance-of-counsel issue and will fail because such an argument would have lacked merit. There is no time limitation on how old a prior felony drug conviction can be for purposes of sentencing. *See generally* 21 U.S.C. § 851. Petitioner was not prejudiced by her attorney's failure to raise this issue on appeal, and it is recommended that this claim be **DENIED** as well.

### V. Ineffective Assistance of Trial Counsel

Petitioner finally claims a conflict of interest arose when her first court-appointed attorney spoke with her in "great detail" before informing her that he also represented her co-defendant. This claim thus raises the issue of ineffective assistance of counsel in Petitioner's argument-in-chief, rather than as cause for her procedural default.

Petitioner's claim fails the prejudice prong of the ineffective-assistance-of-counsel test.

8

As stated above, to prove prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.  A reasonable probability is "a probability sufficient to undermine confidence in the outcome" and is less than a preponderance of the evidence. *Id.* at 693-94.  Finally, prejudice exists only if the defendant demonstrates that he would have received less jail time. *Glover v. United States*, 531 U.S. 198, 203 (2001).

In multiple representation cases, prejudice is presumed if an actual conflict of interest adversely affected the attorney's performance. *Beets v. Scott*, 65 F.3d 1258, 1265 (5th Cir. 1995) (en banc); *Cuyler v. Sullivan*, 446 U.S. 335, 349-50 (1980).  To show "actual conflict" the defendant must establish "a conflict that affected the counsel's performance – as opposed to a mere theoretical division of loyalties." *Mickens v. Taylor*, 535 U.S. 162, 171 (2002) (emphasis omitted).  In other words, "[t]he mere fact of joint representation will certainly not show an actual conflict." *United States v. Medel*, 592 F.2d 1305, 1310 (5th Cir. 1979).  A conflict is not established through "hypothesis or speculation." *Id.*

Here, Petitioner merely alleges the fact of the joint representation and fails to show how the joint representation affected her attorney's performance.  For this reason, she cannot show an actual conflict which might satisfy the prejudice prong of the *Strickland* test, and her claim is therefore without merit.  It is recommended that this claim also be **DENIED**.

## CONCLUSION

For the reasons stated above, it is recommended that Petitioner's motion (doc. # 138) under 28 U.S.C. § 2255 be **DENIED**.  Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court.  A party may

respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Further, pursuant to Rule 11(a) of the Rules Governing Section 2255 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** See 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 22nd day of September, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE